UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHEY CONSER,

                                   Plaintiff,

      v.

REIDMAN-WEGMAN CANANDAIGUA, LLC,
et al.,

                                   Defendants.
_____

<u>DECISION & ORDER</u>

21-CV-6065FPG

        Currently pending before the Court is plaintiff Cathey Conser's motion for leave to file a Second Amended Complaint. (Docket # 42). Conser seeks leave to amend her complaint to add Greater Living Architecture, P.C. ("GLA") as a defendant and to assert claims against it. (*Id.*). On September 8, 2022, the Court issued a motion scheduling order setting a deadline of September 29, 2022, for any responses to the motion. (Docket # 44). By letter dated September 28, 2022, defendant BME Associates informed the Court that it had no opposition to the motion. (Docket # 45). By letter filing dated October 3, 2022, defendant James Fahy Designs Associates Architecture and Engineering, P.C., informed the Court that it did not oppose the motion. (Docket # 46). Defendant Reidman-Wegman Canandaigua, LLC, has not responded to the motion. *See TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motions was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same).

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). The decision whether to grant a motion to amend lies within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the trial court may deny leave to amend "when the movant has unduly delayed in seeking leave, when it is apparent that she is acting in bad faith or with dilatory motive, when the opposing party will be unduly prejudiced if leave is granted or when the proposed amendment would be futile." *Gavenda v. Orleans Cnty.*, 1996 WL 685740, *2 (W.D.N.Y. 1996) (citing *Foman v. Davis*, 371 U.S. at 182).

The record before the Court does not suggest any "prejudice, undue delay, bad faith, or futility that could compel the [c]ourt to deny [Conser's] motion to amend the complaint in this manner."[1] *See, e.g.*, *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1142916, *2 (S.D.N.Y. 2011) ("[i]n light of this liberal [Rule 15] standard for granting leave to amend and the fact that this motion was timely filed pursuant to my scheduling order, the amendments to the [c]omplaint that are unopposed by the current defendants need not be discussed in detail [and are granted]"); *Esmilla v. Cosmopolitan Club*, 2011 WL 814007, *2

---

[1] Because Conser seeks to add a new defendant, her motion must also be evaluated under Rule 20(a) of the Federal Rules of Civil Procedure, which governs joinder of additional parties. Fed. R. Civ. P. 20(a). As noted above, defendants have not opposed the addition of the new defendant to the action under Rule 20(a), and I find that Rule 20(a), standing along, is not an impediment to the addition of this defendant.

(S.D.N.Y. 2011) (granting plaintiff's unopposed motion to amend complaint to add new claims against existing defendant and to add additional factual allegations relating to claims); *Barbagallo v. Gen. Motors Corp.*, 1990 WL 100874, *3 (S.D.N.Y. 1990) ("[plaintiff's] motion to amend his complaint to add an additional claim . . . , to the extent that it is unopposed, is granted").  Given the lack of any opposition or any other perceived basis to deny the proposed amendment, the Court determines that Conser's motion should be granted.

## CONCLUSION

For the reasons discussed above, Conser's motion to amend **(Docket # 42)** is **GRANTED**, and the oral argument scheduled for October 25, 2022, at 2:00 p.m., is canceled. Conser shall file and serve her proposed Second Amended Complaint (Docket # 42-2) on or before **November 1, 2022**.  Defendants shall answer or otherwise respond to the Second Amended Complaint in accordance with the provisions of Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       October 4, 2022